UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ACKEL ENTERPRISES, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-164 |
| OMICRON SUPPLIES LLC, ET AL. | * | SECTION "A" (2) |

## ORDER AND REASONS

Pending before me is Defendants Omicron Supplies LLC and Frederick J. Cohen's Motion to Recover Attorneys' Fees. ECF No. 45. Plaintiffs Ackel Enterprises, LLC, and George Joseph Assets, LLC timely filed an Opposition Memorandum. ECF No. 46. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Recover Attorneys' Fees is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I. BACKGROUND

Plaintiff Ackel Enterprises LLC filed suit in state court alleging that Defendants breached their property lease by damaging the leased property. ECF No. 1-2 ¶¶ 8-13. Defendants removed the case to this Court on January 17, 2024. ECF No. 1. By Order dated August 27, 2025, this Court granted Defendants' unopposed Motion to Compel. ECF No. 42.

Defendants issued discovery in October 2024, with Plaintiff's responses delivered on March 14, 2025. ECF No. 40-1 at 3; No. 40-2. Defendants filed their motion to compel arguing that Plaintiff failed to fully answer the requests and provide all responsive information. ECF No. 40-1 at 4-9. Defendants stated that, when they originally served the discovery, Ackel Enterprises was the named plaintiff, but George Joseph Assets, LLC was later added as the successor-in-interest under the lease. ECF No. 40-1 at 3 n.4; *see* ECF No. 43 (Plaintiffs' first Amended Complaint adding George Joseph

1

as a plaintiff). Although they asserted that counsel agreed that service of a new set of discovery on the newly added plaintiff was not necessary, Defendants nonetheless served largely duplicative requests on both Ackel Enterprises and George Joseph, and no response had been received. ECF No. 40-1 at 3 n.4. Defendants argued that Plaintiff failed to provide certain documents as agreed during a November 2024 deposition. *Id.* at 9. Defendants sought full responses respond to Interrogatory Nos. 3, 4, 5, 6, 7, 10, 11, 12, 13, 14 and 16 and Request for Production Nos. 4, 5, 6, 7, 10, 12, 13, and 15, 16 and 17, and production of files pertinent to correspondence with Omicron, including correspondence regarding alleged damage and documents reflecting the condition of the Leased Premises on or about April 17, 2012, as discussed during the deposition. *Id.* at 11.

The Order granting the Motion to Compel reserved to Defendants the right to file a motion to recover fees, with supporting documentation, in accordance with FED. R. CIV. P. 37(a)(5). ECF No. 42 at 2. Defendants filed this motion, seeking to recover $4,235 representing 12.1 hours of attorney time at an hourly rate of $350. ECF No. 45. Plaintiffs oppose the motion, arguing that the amount sought is not reasonable because two hours of legal research and ten hours of drafting is unnecessary for a "perfunctory" motion to compel. ECF No. 46 at 2. In addition, Plaintiffs object to an hourly rate of $350 because an associate or paralegal could have performed the work for less. *Id.* at 2-3. Plaintiffs also object to assessment of the costs against both Plaintiffs as the motion was filed as to Ackel Enterprises only, not George Joseph, which was not a party to the suit at the time. *Id.* at 3.

II.   **APPLICABLE LAW AND ANALYSIS**

Contrary to Plaintiff's assertion, Defendants' request for fees from both Plaintiffs is proper given that they issued largely duplicative discovery to both Plaintiffs on May 30, 2025, and Plaintiffs failed to respond before the filing of the motion to compel on August 12, 2025.

A. **The Lodestar Method**

Federal courts typically use the "lodestar method" as a guide to determine attorneys' fee awards, which provides "an objective basis to make an initial estimate of the value of a lawyer's services."[1] In diversity cases, state law controls both the award and reasonableness of fees,[2] and Louisiana courts' methodology is similar to the lodestar method.[3] The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees and must provide adequate documentation and time records of the hours expended and demonstrate the use of billing judgement.[4]

Louisiana courts have identified ten factors to determine reasonableness of attorneys' fees: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of litigation; (4) the amount of money involved; (5) the extent and character of worked performed; (6) the attorney's legal knowledge, attainment and skill; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel, and, (10) the court's own knowledge.[5] Once the lodestar has been determined, the court must consider the weight and applicability of the twelve *Johnson* factors.[6] If the *Johnson* factors warrant an adjustment, the court may adjust the lodestar upward or downward.[7] "The lodestar may not be adjusted due to a *Johnson* factor, however, if the

---

[1] *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), *superseded by statute on other grounds,* Prison Litigation Reform Act, 42 U.S.C. § 1997e.
[2] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).
[3] *See, e.g.*, *Covington v. McNeese State Univ.,* 118 So. 3d 343 (La. 2013) (Guidry, J.) (finding no abuse of discretion in district court's fee award, which award was calculated under the lodestar method).
[4] *Barlow v. Realty Income Props. 17, LLC*, No. 13-6325, 2014 WL 1819862, at *2 (E.D. La. May 7, 2014) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 770 (5th Cir.1996)); *see La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) (citations omitted).
[5] *State v. Williamson*, 597 So. 2d 439, 442 (La. 1992) (citing *State v. Jacob*, 491 So.2d 138 (La. App. 3d Cir. 1986); *State v. Ransome*, 392 So. 2d 490 (La. App. 1st Cir. 1980)).
[6] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-94 (1989); *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993) (citation omitted). The twelve factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.
[7] *Watkins*, 7 F.3d at 457 (citation omitted).

creation of the lodestar award already took that factor into account."[8] The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[9]

### B. Lodestar Calculation

Defendants filed an 11-page supporting Memorandum, including one page for introduction, one page for background, and one page for conclusion. ECF No. 40-1.

#### 1. Reasonable Hourly Rate

Defendants seek to recover an hourly rate of $350 for 12.1 hours of work completed by attorney Edward Fenasci. *See* ECF No. 45-2. In his supporting affidavit, Mr. Fenasci states that he customarily charges $275-$350 an hour, and in this case, his rate is $350 per hour. *Id.* ¶¶ 6-7.

In determining the reasonable hourly rate, the court is not bound by the amount charged by the attorney.[10] Rather, the "appropriate hourly rate . . . is the market rate in the community for th[e] work."[11] The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[12] Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[13] If the hourly rate sought is not opposed, it is *prima facie* reasonable.[14] Plaintiffs oppose the $350 an hour rate, arguing

---

[8] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).
[9] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).
[10] *Village Shopping Ctr. P'ship v. Kimble Dev. LLC*, 287 So. 3d 882, 886 (La. App. 5 Cir. 2019); *St. Blanc v. Stabile*, 114 So. 3d 1158, 1160 (La. App. 5 Cir. 2013) (citing *Jackson Square Towne House Home Ass'n, Inc. v. Hannigan*, 867 So. 2d 960, 965–66 (La. App. 2 Cir. 2004)).
[11] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *accord. McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'" (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984))); *Louisiana Power & Light Co.*, 50 F.3d at 328 ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates.").
[12] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum,* 465 U.S. at 895).
[13] *Blum*, 465 U.S. at 895 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3; *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 284 (E.D. La. 2008).
[14] *Kellstrom*, 50 F.3d at 328 (citation omitted); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (Engelhardt, J.)

that the motion was "perfunctory" and should have been handled by a junior attorney at a lower rate.

### 2. Documentation of Hours Reasonably Expended and Billing Judgment

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[15] Only work of a legal nature is compensable. Work that is legal in nature includes, for example, "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."[16] That work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[17] Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[18] Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[19]

In addition, the party seeking fees must also demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[20] "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[21] The burden is on the party seeking the fee award to prove that they exercised

---

(citation omitted) (holding that attorney's requested hourly rate is *prima facie* reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested).

[15] *Creecy,* 548 F. Supp. 2d at 286 (citing *Wegner*, 129 F.3d at 822; *Walker*, 99 F.3d at 770); *see also Hensley*, 461 U.S. at 433 (stating party seeking fees bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[16] *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989).

[17] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for time attorney spent copying and Bates-numbering documents).

[18] *Hagan v. MRS Assocs., Inc*., No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (reducing hours billed for time attorney sent faxing documents) (citations omitted).

[19] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

[20] *Walker*, 99 F.3d at 770.

[21] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir.) (citation omitted), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

billing judgment.[22]  "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[23]  As an alternative to a percentage reduction, the court may exclude hours that were not reasonably expended and/or conduct a line-by-line analysis of billings.[24]  "[T]he district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'"[25]  Courts will reduce the number of hours charged when same are excessive.[26]  The court need not, however, explicitly calculate the lodestar to make a reasonable award.[27]

A review of the billing records reflect that Defendants seek to recover 10.6 hours for drafting and researching the motion.  *See* ECF No. 45-1 at 4-5.[28]  The records appear to reflect *some* exercise of billing judgment as no charges are identified for Mr. Hasse's review of the filing though Mr. Fenasci incorporated comments from him.  *Id.* (entries dated August 8 and 12, 2025).  However, the records do not reflect adjustments to any time incurred by Mr. Fenasci.  Despite the omission of Mr. Hasse's time, the court finds that 10.6 hours, even though directly connected to the motion to

---

[22] *Walker*, 99 F.3d at 770 (citation omitted).
[23] *Id.*; *see also U.S. ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) (Africk, J.) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'" (citing *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'" (quoting *Walker*, 99 F.3d at 770)).
[24] *See Fleming v. Elliot Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021) (citing *Hensley*, 461 U.S. at 434; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002)).
[25] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (quotation and citations omitted).
[26] *See, e.g.*, *Pizzolato v. Safeco Ins. Co of Am.*, No. 08–353, 2008 WL 4809137, at *1–2 (M.D. La. Nov. 3, 2008) (finding that 3.5 hours claimed for preparation of the motion was excessive and reduced the hours to 2.5); *Davis v. Am. Sec. Ins. Co.*, No. 07–01141, 2008 WL 2228896, at *4 (E.D. La. May 28, 2008) (holding 5.30 hours spent on a motion to compel, motion to fix attorney fees and research thereof, was excessive for an attorney with one to two years legal experience and reduced the total hours requested to 3.0 hours); *Smith v. State Farm Fire & Cas. Ins. Co.*, No. 09–6522, 2010 WL 3021641 (E.D. La. July 29, 2010) (awarding 1.4 hours spent on a motion to fix attorney's fees and costs and 1.8 hours on a motion to compel and request for sanctions).
[27] *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500–01 (5th Cir. 2001) (citing *Wegner*, 129 F.3d at 822-23).
[28] The 0.5 hour entry on August 12, 2025, reflects both research and exhibit assembly.  ECF No. 45-2 at 5.

compel,[29] is somewhat excessive, and further finds that time spent on administrative tasks (1.5 hours) such as assembling exhibits is not properly included.

Given the routine nature of this motion to compel, the court finds that a slight reduction of the compensable hours is necessary, and will therefore reduce the requested total of 12.1 hours to 10.1 hours total.  Further, given the routine nature of this motion and the fact that Mr. Fenasci regularly charges between $275-$350 per hour, the rate for this work will be reduced to $300 per hour, resulting in a lodestar award of $ 3,030.00.

### C. Adjusting the Lodestar

The Court has carefully evaluated the *Johnson* factors and finds no lodestar adjustment warranted.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants Omicron Supplies LLC and Frederick J. Cohen's Motion to Recover Attorneys' Fees is GRANTED IN PART AND DENIED IN PART.  Plaintiff is awarded reasonable attorneys' fees in the amount of $3,030.00.

Dated this __8th__ day of October, 2025.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[29] *Leblanc v. Fed Ex Ground Package Sys., Inc.*, No. 19-13274, 2021 WL 5994966, at *3 (E.D. La. Apr. 12, 2021) (Douglas, M.J.) (awarding costs for time spent in preparing and filing motion as well as required Rule 37 conference (citations omitted)); *see also Stagner v. W. Ky. Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").